# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ROBBIN AMANDA BAYSE, a/k/a ROBERT BAYSE,<br><br>*Plaintiff,*<br><br>v.<br><br>Comm'r GREGORY DOZIER, *et al.*,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:18-cv-00049-TES-CHW |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court previously issued an Order [Doc. 36] adopting the United States Magistrate Judge's recommendation [Doc. 35] to deny Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order [Doc. 19]. The Court vacated the Order in light of mitigating factors that caused Plaintiff to file his objections late. *See* [Doc. 41]. Now, taking into consideration Plaintiff's objections and in accordance with 28 U.S.C. § 636(b)(1), the Court conducts the following de novo review of Plaintiff's motion.

## FACTUAL BACKGROUND

Plaintiff is a transgender female currently housed at Valdosta State Prison in Valdosta, Georgia. [Doc. 1, p. 6; Doc. 11]. In his Complaint, he alleges that he was diagnosed in 2015 with gender dysphoria, which he defines as "a marked incongruence between the gender [she] ha[s] been assigned to . . . and [her] experienced/expressed

gender" in association with "distress about this incongruence." [Doc. 1, p. 10, ¶ 12] (quoting American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 453 (5th ed. 2013)). He further alleges that his gender dysphoria causes him "severe emotional pain and severe distress" and the only way to cure the incongruity between his "assigned" gender and his chosen gender identity—and the distress arising from it—is through sex reassignment surgery or "SRS." [*Id.* at p. 10, ¶ 13]. According to Plaintiff, both his former treating psychiatrist and his treating physician at Johnson State Prison in Wrightsville, Georgia, referred her for SRS. [*Id.* at pp. 1, 9, ¶¶ 1, 2]. He alleges that Defendants have denied his requests for SRS, and in doing so, have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. [*Id.* at pp. 16–17]. He also alleges that the Georgia Department of Corrections' ("GDC") policy that vaginoplasty is a "[s]urgery not medically necessary [that] shall not be provided except for cystocele or rectocele[1] unless patient's attending physician prescribes the treatment and [t]he service is approved" is discriminatory against transgender female inmates and violates the Equal Protection Clause of the Fourteenth Amendment both facially and as applied to her. [*Id.* at pp. 7, 17–19]. Plaintiff seeks injunctive, compensatory, and punitive relief for these alleged violations.

---

[1] Plaintiff describes these conditions as involving damage to the vaginal wall. [Doc. 1, p. 15, 40].

Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order, seeking an order "enjoining Defendants from interfering with the discretion of the mental health and other medical professionals," instructing GDC to provide him with "adequate medical care, including SRS" and declaring GDC's "blanket policy against SRS" unconstitutional. [Doc. 19, pp. 6–7]. He claims that since September 2015, he has not had a treatment plan for his gender dysphoria, that he has not received necessary treatment other than hormone therapy, and that the delay in providing her SRS treatment has caused him irreparable harm in the form of "severe anxiety and depression." [*Id.* at pp. 2, 3, 6]. He supports his contentions with an affidavit in which he states, "My continued requests to be seen by [a] qu[a]lified physician, psychiatrist, or psychologist for treatment of my severe gender dysphoria have been futile, even though . . . [I] have attempted suicide, self-mutilation and self-castration due to my incongruence between my expressed gender and assigned gender." [Doc. 22, ¶ 7]. As a result of his gender dysphoria and the depression arising from it, Plaintiff also states that he has "developed an eating disorder where I often do not eat or throw-up my food. I have lost over 50 lbs. in the past 2 years." [*Id.* at ¶ 8]. He concludes that, in the absence of "medically necessary treatment, including SRS, I am being placed at increased risk of suicide, self-mutilation and self-castration." [*Id.* at ¶ 9].

In response to Plaintiff's motion, Defendants argue that Plaintiff has not met his burden of establishing the following four factors necessary to show entitlement to a preliminary injunction:

> (1) [he] has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to [Plaintiff] outweighs whatever damage the proposed injunction may cause [Defendants]; and (4) if issued, the injunction would not be adverse to the public interest.

*Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted). The Magistrate Judge agreed and recommended that Plaintiff's motion be denied. Plaintiff objects to the entirety of the Magistrate Judge's Report and Recommendation. [Doc. 37].

## **DISCUSSION**

When parties submit objections to a magistrate judge's recommendations, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In doing so, the Court need not consider "[f]rivolous, conclusive, or general objections." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). The Court may also, within its discretion, "decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).

The Court reviewed the parties' arguments and the Magistrate Judge's determinations and now concludes that the Magistrate Judge's findings were

appropriate. The vast majority of Plaintiff's objections are conclusory and the remainder are unsupported by admissible evidence.[2] Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendations over Plaintiff's objections and makes the Report and Recommendation [Doc. 35] the order of the Court.

**SO ORDERED**, this 17th day of December, 2018.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] While the Court recognizes that it "may rely on affidavits and hearsay materials which would not be admissible evidence . . . if the evidence is appropriate given the character and objectives of the injunctive proceeding," *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (citations omitted), Plaintiff's request for a mandatory injunction carries with it a heightened burden that can only be satisfied upon a strong showing of facts that are clearly in his favor, *see Fox v. City of W. Palm Beach*, 383 F.2d 189, 194 (5th Cir. 1967) ("Mandatory injunctions are to be sparingly issued and [only] upon a strong showing of necessity and upon equitable grounds which are clearly apparent."); *Miami Beach Fed. Sav. & Loan Ass'n v. Callander*, 256 F.2d 410, 415 (5th Cir. 1958) ("A mandatory injunction . . . especially at the preliminary stage of proceedings, should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party."); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that Fifth Circuit Court of Appeals cases decided before October 1, 1981 are precedential for courts in the Eleventh Circuit).